# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ROBERT BAKER**                                                                                   **PLAINTIFF**

**VS.**                                                             **CIVIL ACTION: 1:17cv34-LG-RHW**

**JACKSON COUNTY, MISSISSIPPI**                                                           **DEFENDANT**

## REPORT AND RECOMMENDATION

This case is before the Court following the failure of Plaintiff Robert Baker to participate in a duly noticed telephonic case management conference (TCMC) set for October 2, 2017 at 9:00 a.m. See, [12] Rule 16(a) Initial Order entered July 17, 2017, setting the matter for TCMC on August 28, 2017; and August 28, 2017 Minute Entry resetting the TCMC to October 2, 2017, at the request of attorney Robert Deming who was, at that time, considering making an appearance on behalf of plaintiff Robert Baker.

By text order entered May 16, 2017, the Court had granted the April 20, 2017 motion of Baker's original attorney to withdraw as counsel,[1] and allowed Baker until June 5, 2017 to have new counsel appear on his behalf or provide written notice that he was representing himself. When Baker did neither, the District Judge entered an Order on June 12, 2017 requiring Baker to Show Cause why his claims should not be dismissed for failure to prosecute. [9] Baker sought and was granted an extension of time to respond to the Show Cause order. See motion [10], and text order of July 5, 2017 granting same. In his July 17, 2017 response to the Show Cause order, Baker stated he would proceed *pro se.*

On July 17, 2017, the undersigned entered Order [12] setting the matter for a TCMC at 11:00 a.m. on August 28, 2017. The docket reflects a copy of the order was mailed to Baker at

---

[1]Counsel certified that a copy of that motion was mailed to Baker on April 20, 2017. [8, p. 4]

his address of record, and both he and attorney Deming participated in the conference call on August 28, 2017, during which the TCMC was rescheduled for October 2, 2017. Copies of the minute entry and order resetting the TCMC date and time were mailed to Baker August 28, 2017. Baker has had no contact with the Court since the August 28, 2017 call. Deming has not entered an appearance for Baker, and Baker did not participate in the TCMC on October 2, 2017.

Counsel for Jackson County has provided the Court the details of his multiple, unsuccessful efforts to contact Baker by telephone to set up the conference call scheduled for October 2, 2017. Counsel also related that attorney Deming has advised that he would not be representing Baker. [17]

The Court warned Baker in the Order to Show Cause [9] that "**failure to timely respond to this order and to comply with the Magistrate Judge's previous Order will result in dismissal of this action without further notice.**" (emphasis in original) This court has the authority to dismiss an action *sua sponte* for failure to prosecute and failure to comply with court orders under Rule 41(b), FED.R.CIV.P., and under its inherent authority. *See Link v. Wabash R.R.* 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). *See also, Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009).

## RECOMMENDATION

Based on the foregoing, the undersigned United States Magistrate Judge recommends that Baker's case be dismissed for his failure to prosecute and to comply with orders of the Court.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation (R&R), a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the R&R. The objecting party must specifically identify the findings,

conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. Opposing parties have seven days after being served with objections, to serve and file a response or to notify the District Judge they do not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 4th day of October, 2017.

/s/ Robert H. Walker
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE